Our final argument for today is 23-3095 U.S. v. Capps. May it please the Court, Jake Rochebeau for the appellant Michael Capps. The District Court gave the entire slate of substantive legal instructions at the very beginning of trial before opening statements and the presentation of evidence, and then refused to re-instruct the jury at the close of evidence. This was errored. Rule 30C provides that the Court may instruct the jury before or after the arguments are completed or at both times, but the plain meaning, the context, and history of the rule clearly indicate that before or after means right before or after closing arguments, i.e. at the close of evidence. In common usage, when somebody refers to doing something before or after an event, they typically mean close in time to that event, like right before or after, not literally any time. Counsel, what if I were to say, before you give your argument, will you give us your appearance? State your appearance before you present your argument. That makes sense. But there are other contexts. Before you file a motion in limine, you need to file an entry of appearance. That could be two weeks earlier. So it's all context-driven, right? Yeah, certainly it is context-driven. And here, the context clearly indicates that the rule means right before or right after closing arguments. And I do think just in general common usage, typically when we talk about right before and right after, or before or after, we mean close in time to that event. Of course, we can think of certain examples, but I think it's fair to say that in common What about preservation? I mean, I know you rely on the futility exception, but for the futility exception, isn't that predicated on the district court already have been alerted to the basis for the objection and there was never any utterance to the district court, Judge Milgren, about Rule 30C, right? Well, it's true that we didn't cite the specific rule, but... Or even said that it is mandatory. I mean, the council presented an argument saying, you know, you should do this. We assume that you were going to do this, but even part from Rule 30C, nobody said the rules require it, it's mandatory, you don't have the discretion. I know you don't want to do it, but you don't have that choice, Judge Milgren. Nobody ever said it was either mandatory or the substance of Rule 30C, right? That's true. And I don't think any of that's necessary just to preserve a claim for appeal. Rule 51 says you just need to inform the court of the action the party wishes the court to take. And the reason for it, right? Well, so the rule... So if you say, you know, Judge, I want you to instruct on self-defense, I don't have to tell you why, you can present a completely different theory on appeal than you presented in district court, because you told the district court what you wanted him or her to do, right? Right. And I think that's the same is true here. It says we're requesting that you read instructions of the close of evidence. That's all that's required. And I think the same is true with the jury instruction, we're requesting a jury instruction on self-defense. That's all you need to say. You don't have to even give the specific parameters of that. It seems to me that Rule 30D addresses this very point, objections to instructions, on Rule 50 or whatever it was, but a party who objects to any portion of the instructions or, and I think this is what applies here, to a failure to give a requested instruction must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate. Well, I don't think 30D is talking about the timing or the oral recitation of the instruction. Sure, sure. I mean, it's talking about how you give instructions. And they say, must inform the court, if a failure to give a requested instruction. And that's what, that's the argument here. You didn't give this instruction at this time. At this time. The argument is not that the jury didn't receive the instructions. The instructions were all given. We're not saying- So you don't think 30D applies? No, Your Honor. I don't at all. I think- Even though it's, even though it's the rule on preservation with respect to instructions? 30D is referring to the substance of the instruction. So we request that you give- You say that. It says, failure to give an instruction. What is your objection? The objection was, you should give this, these instructions now. That was the objection. Why is that not failure to give a requested instruction? Because it's not that the jury didn't get the instruction. The judge did not fail to give the jury the instructions. The jury got the instructions. The only question, the only issue that we're arguing, that we argued below, is that it's the timing as to when those instructions are orally recited to the jury. And that's what Rule 30C talks about, and Rule 30C is the only rule that applies in talking about the timing of when these instructions must be given. But actually, to some extent, you did make a 30D objection because counsel moved to have the court re-read 12 of the instructions. That seems to me, functionally, a 30D specific objection, at least to that subset of the entire instructions. That's right, Your Honor. So at the initial- Well, is that a 30D objection? I think it would qualify, certainly. Right. Except 30D says, and the grounds for the objection. And if you don't cite the rule, if you just sort of say, it's unfair not to give it again, that was the argument. That's not the same as saying, as Judge Bacharach said, there's a rule that requires you to give these. Right, Your Honor. And so, I don't see, regardless of whether 30D applies, I don't think you can say that the defense counsel gave the grounds for the objection when he said you should give these instructions again. He did not give the specific grounds, didn't cite Rule 30. He did give some grounds. Yeah. Well, don't you think that makes a difference? I don't, Your Honor. But even if it did, I think that would only apply to whether, as a matter of law, the defendant, not complying with Rule 30C's mandate that you have to give it immediately before or immediately after, it still would preserve the argument that the district court abused its discretion in failing to give the instructions at that time. And here, under the unique circumstances of this case, the district court certainly abused its discretion in not orally giving the instructions at the close of evidence. I have one fact question that I neglected to confirm before I came out here. Just looking at the colloquy between the counsel and the ruling on the motion to re-read 12 instructions, the court said, well, you can refer to them in your closing arguments if you think that they're important and you want to focus the jury's attention to them. Did the defense counsel, in closing, ask the jury to look at some of the jury instructions? Can you answer that question? Your Honor, I can't. I'm happy to look at the record and I can file a 28-J letter about that. But my recollection is that, and the government might, I believe mentioned this in their brief, that there might have been some allusion to them, but the defense counsel didn't read the instructions aloud. Would that cure the error here, to some extent? If defense counsel had taken the time to read the instructions, that could be an argument that there was no harm, but it certainly wouldn't cure the error. A district court can't just pawn off on defense counsel the obligation to read the instructions. What's the prejudice to defense counsel? He made the arguments with respect to several instructions regarding, I think, beyond reasonable doubt, maybe even the fact that you're presumed innocent. I'm not sure about that one. And could easily, if he thought it was helpful, said, as the judge has instructed you, you have to find guilt beyond a reasonable doubt. That means such and such. Nothing kept defense counsel from doing that. Nothing kept defense counsel from doing that, but it's also not the defendant's obligation to help the district court cure its error. So while that could have mitigated the effect of the error, there was nothing obligating defense counsel to preserve the issue for appeal or to... So what's the... If we review for plain error, what's your evidence of prejudice to the defendant when again, this was not some technical point that defendant is concerned about. It's the more general instructions such as beyond a reasonable doubt. How was it... How was there prejudice here when defense counsel argued it? Could have called attention to the specific instructions. The jury actually had heard the instruction and had had the printed copies of the instructions since day one and had them during their deliberations. How can you... Where's the prejudice? So in order to show prejudice, this is assuming plain error, because obviously it gets preserved as government's burden and they haven't met that burden, but if it is our burden, we just have to show that there's a reasonable probability that it affected the failure to re-instruct the jury on the most critical instructions to the defense. There's a reasonable probability that the juror, even one juror, would have reached a different verdict on any of the counts. And here, the evidence of guilt was not overwhelming. It was a closed case as evidenced by the split verdict. Starks goes on at length about how written instructions are no substitute for oral delivery of instructions. The Ninth Circuit even says that it's structural error not to orally announce the instructions justifying... Did you read Judge Garber's dissent in that case, the Ninth Circuit case? I don't recall it. Craig Rice and Garber, Judge Graber. I have not reread it in preparation for oral argument. Pretty good dissent, I thought. Well, it lost itself. But, I mean, and the Ninth Circuit points out that there are good reasons for requiring oral delivery instructions. That's, I mean, as they say, only 13% of laypersons in the United States are capable of reading long prose that describes complex issues. That's a good segue for my next question. Okay. And that is, assuming that you preserve the policy, the argument based on the empirical data, there's all sorts of, through your wonderful advocacy to us in your briefing, of statistics, but there's all sorts of things that are outside certainly our domain. The judge, the district court, really wasn't privy to this, and certainly outside any Article III judge's typical expertise on the recency phenomenon, or to say, I think Judge Melgren said he read the 52-page instructions in 45 minutes, which seems pretty fast. And so, if you got your wish and Judge Melgren sped through the 52 pages in 45 minutes, would that have been better than saying, go back and reread the jury instructions at your leisure as soon as you pick a foreman? Which is better? Presumably reasonable people could come to different conclusions about that. But there's all, your argument seems predicated on a lot of empirical data that really nobody had alerted the judge to, and it seems like a fair call for the judge to say, as Judge Melgren said, you had the printed instructions from day one. You were free to look back at them. I told you, jury, as soon as you pick a foreman, that's the next thing you do to reread the jury instructions. So why isn't that, at least within the district judge's broad realm of discretion? Well, so I'd like to try to reserve some time for rebuttal, but just to quickly answer your question, all this information that we're relying on, it's not just data that I have gone and dug through. It's all in published, it's in starts, it's a published opinion that came out months before this case went to trial, right before the air. So all of this information was in binding 10-circuit precedent for the district judge to be aware of. And I'd like to reserve the remainder of my time for rebuttal, if that's all right. Sorry for stealing your rebuttal time. One more person. May it please the court, Carrie Capwell for the United States. Mr. Capps did not preserve the precise issue that he now raises on appeal, and for that reason, plain error review applies here. Mr. Capps agreed to the district court's plan to instruct the jury in full before opening statements, and although Mr. Capps argues that once he learned that the district court did not plan to re-instruct the jury at the close of the case, at that point, he only asked the district court to re-read eight specific instructions, and he filed a motion over the weekend on that point. But he did not ask the judge to re-read the full set of instructions, and at no point, as this court has already observed, did Mr. Capps bring to the court's attention Rule 30C as the basis for his request. Instead, the motion makes clear that the basis for the request was to assist the jury, and also to ensure due process and a fair trial for the defendant. For those reasons, the 30C argument was never made below, and in fact, under finesse, I would argue that the defendant actually diverted the district court's attention to a different issue, which was the re-reading of eight specific instructions, rather, and the court there said I'm not going to highlight certain instructions over others. I don't believe that would be proper. Now, that issue is not up on appeal, the eight instructions. The issue up on appeal is a different issue. It's the re-reading of the full set of instructions at the end of the trial, which is something that the district court never was asked to pass on, and especially not in terms of the Rule 30C argument. What if the judge had said, instead of there's no way, I forget his language, no way, do not mention this to me one more time about re-reading the instructions? Does he still have to object to preserve the argument? Well, yes, that assumes that it was already brought to the court's attention that the whole re-reading of the instructions, which did not happen here, but assuming there was  Assuming the judge says, do not ask me one more time, knucklehead, to re-read all of the jury instructions, I'm not going to do that. Do not even ask me. I think that would be a different case, and that would put the defense attorney in a much more difficult position in terms of warning. Well, didn't he say basically the same thing here? No way am I going to torture myself again, I forget his language, but that was the gist of it. No way am I going to do that. Right, but there was no threat to the defense attorney, don't you dare raise this in my court again with a threat of possible contempt of court for doing so. So here, I think the district court made clear that that's not something he planned to do, but certainly he did not in any way prevent the defense attorney who had the obligation and the duty at that point, if he wanted a full re-reading of the instructions, at the very least to preserve the issue for appeal, he had to raise that issue to the court with the specific reasons and grounds for his request, which now on appeal is Rule 30C, but that was not the basis of the request, so it did not give the district court any notice that that was the issue. It did not give the district court an opportunity to present his reasoning on the record as to Rule 30C and as to why the district court did not plan to re-read all of the instructions, and I do want to answer Judge Timkovich's question. I looked at the record, and so I can give you a partial answer, I can't promise this is a full answer, but in Volume 3 at pages 1144-48 during the defense closing, the defense attorney does specifically mention Instruction No. 6, which is that the government bears the burden of proving beyond a reasonable doubt every element of every count. He also mentions specifically Instruction No. 7, which is the presumption of innocence, and then later at page 1146, he mentions and discusses the good faith instruction from the jury instructions, so the defense attorney did take advantage of his time during closing argument to bring to the attention of the jury again at least some of, and there may be more that I did not notice while I was sitting at counsel table, but at least to bring forward to the jury's attention the instructions that he felt were important for his client, and to, again, emphasize to the court. I think that's enough in a relatively complex fraud prosecution, and the timing of this skip in the day, there are some unique aspects to this trial that may have militated towards the torturous re-reading at the end because of the way this thing had been staged. So instead of a three-day sequential easy case, we have a complex case over eight days or whatever. Well, I agree with your honor, and I think this is the implication of your question. It is a case-by-case analysis. I do agree to that. So there could be situations, and Starks is an example of where not reading the instructions at the end of the case resulted in the jury instructions not being able to provide a potential cure to the errors that occurred during trial, and more importantly, during the closing arguments. But going back to your honor's question. And we're drifting a little towards prejudice, and we're in plain error towards prong three that you can construct an argument that this may be prejudicial to the defendant because the jury did not have a clear idea of what they were supposed to do and what law they should apply. Your honor, I would push back against that. I think it's very fact-driven. Here, I would disagree respectfully, as we did in our brief, that it was a complex case. It was a single defendant. It was basically a scheme to defraud by submitting false documents to different entities under COVID relief in order to get money from those entities and then to launder or move the money between accounts. So I disagree that it's a complex case. Also the evidence came in in two and a half days, and less than two days was the government's evidence. So the defense evidence took up at least half a day, if not more. And going to the third prong of plain error review, under these facts, the defendant just cannot meet his burden or does not meet his burden to prove that third prong, which is that the alleged error substantially affected his substantial rights. And in doing so, he'd have to show that the confidence in the outcome of the trial is undermined because of the alleged error. And he cannot do that here. He cannot show that the proceeding or the outcome of the proceeding would have been different if the district court had, in fact, re-read the full set of instructions. And some of those reasons, which we outline in the brief, are the district court, there's no dispute that the district court fully read word for word, out loud, all of the instructions before opening statements. All the jurors were provided with their own set of the written jury instructions before the court orally instructed the jury, and they were able to maintain that written set with them throughout the trial in their notebooks. Additionally, after closing arguments, the district court reminded the jurors that they were still under the obligation to follow in full and that all the jury instructions that the court had previously read still applied in full during deliberations. He also advised the jury that the second thing they should do once they enter the jury room after picking a foreperson was to, again, re-read those instructions. And this court presumes that the jury does follow the court's instructions absent an overwhelming probability to the contrary, which is not evident here, and the defendant has not, I don't believe, even attempted to establish that. Another very important factor is that the defendant does not claim there were any other errors or omissions in the jury instructions themselves, that they were erroneous in any way. And unlike Starks, the defendant does not claim that there were any separate errors, for example, with admissibility of evidence or misstatements by the prosecutor during his closing argument. So there are no other issues here where, had instructions been given at the end, they could have been mitigated against any potential prejudice or harm that came up from the trial. So looking at this on a kind of specific case basis, the defendant cannot meet that burden. And I do want to go back to the second prong of plain error, because I do think that's... Let me ask you. Yes, sir. What were the aid instructions that were requested? What was the subject matter of those aid claims? Let me try to find those very quickly, Your Honor. Let's see. All right. It's not going to be quick, but I can find them. It's in my brief, so I'm going to find them. Let's see. Okay. Okay. Let's see. Found a motion. Okay. Specifically, instructions. Well, I've got the numbers, and then somewhere... Do you know if any of them related to the elements of the offense, or were they general, like the unreasonable doubt? I think 23... They were more, I believe, general... It wasn't 23. I'm looking at the motion. 23 and 27, weren't those elements instructions? I believe the good faith instruction was one of those, and I would have to see if that... I want to say that might have been instruction 23 or 27. Give me one second. I'll see if I can... I don't want to take your time. You wanted to go to prong two, you said. I did, Your Honor.  I can't find this for you. I'll find it for you. So, under the second prong, the plain error. Here, essentially, the defendant concedes that issue because they agree that this issue is a matter of first impression for this court, and generally, that would preclude a finding that it's a plain error, meaning it's well-settled, or it's obvious, or it's clear, and there's no precedent out of this court or the Supreme Court that would answer that question and make it well-settled. Whether Rule 30C does require reading of the instructions, if it's before arguments to be immediately before, or just before, or close in time, there's no ruling or clear settled law on that, and in fact, I couldn't find anything in other court of appeals published decisions either to give us an answer on that. So, for that reason, any alleged error could not be plain on that basis, and even if this court were to apply the abuse of discretion standard of review, the government, while disputing that there's any error, we also would have the ability to establish that it's a harmless error for many of the same reasons that we argued under prong three of plain error review. Obviously, you challenge preservation on the Rule 30C issue, but what about the empirical research and the policy considerations? Do we apply abuse of discretion on that, or plain error? I'm sorry, Your Honor, I don't understand your question. Well, I think he's made three arguments. One is basically policy considerations, empirical research, and Rule 30C. Obviously, on Rule 30C, you challenge preservation, but didn't he adequately preserve the argument about policy considerations and empirical research? I don't believe so, Your Honor. I read the defense, the appellant's brief, as arguing Rule 30C as really his one and only round on appeal with perhaps the empirical research and case law and articles that might support recency to be support for why to read the rule in the manner that appellant argues. That's my reading of it, Your Honor. What's your response to Judge Hartz's suggestion about the 30D specific objection? Yeah, I regret that I did not brief that. I noticed that in the last couple days while re-reviewing everything, and I did ask myself why I didn't look at that more carefully and raise that for Your Honor. I do think that that's a valid argument. I didn't make that argument. I think it could apply here, because I do think while I had a similar hesitation as my colleague that does it really fit the situation or not, I do think under that second part or a failure to give a requested instruction. While the court gave all the requested instructions, it didn't give them the aid instructions. It did not give them the aid instructions, right? Right, to be given again. If the judge had granted that, there'd be no appeal issue, but the judge didn't grant that request. How do we review that? Correct. Well, I think the government has a very strong plain error argument regardless of 30D, and so that's the one I'll have to stick to because I didn't brief a 30D and didn't raise it for Your Honors. But as I mentioned, I did regret that I did not add that as another argument for plain error review. Thank you. You've got another second. I will forfeit that second. Thank you so much. I do ask that this court affirm the conviction. First, I just want to quickly address preservation in terms of not whether Rule 30 argument was made, but whether the argument is preserved about eight versus every single instruction. Here in context at that initial discussion, it was clear that the defendant wanted and expected the district court to read all of the instructions again. That had been his expectation all along. He was taking it back, and the judge said he absolutely wasn't going to do that. So when he filed the motion to read eight instructions, that was clearly like a fallback compromise position after his initial position, which was to read all of them. You'd be here on plain error even if he'd granted the motion. Is that what you're suggesting? If he'd given you the eight instructions, then you'd still have appealed the failure to give all of them, right? Yes, Your Honor. Yes. Yes. But the fact that he was surprised is not a motion. It's not a request to the court to act. Did he say, I want you to, I'm asking you to give all the instructions again? He probably preferred getting just eight instructions because those would focus on the issues he wanted to raise, which is exactly what the judge wanted. That was the main reason the judge gave for not giving selected requests. But I've never heard that you preserve an issue by being surprised by what the judge says. Well, I think it's in, I would just say that in context, what the defendant wanted was clear. It was. Even if not. What you said was it was what he expected. What he wanted, you make what you want clear by making a request. Yes, Your Honor. And alternatively, even after filing the motion for just the eight, the issue of giving all the instructions is preserved because even if that wasn't requested, the district court sua sponte ruled on it multiple times at that initial discussion. And then at the follow-up conference about the motion, the defense counsel said, I want at least these eight instructions. And the district court said, I'm not going to do that. And I'm also, again, I'll tell you why I'm not going to read all of them. And so when a district court sua sponte raises an issue and rules on it, it's treated as preserved.  Thank you, Your Honor.